UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH TYLER LITTLEFIELD,<br><br>Plaintiff,<br><br>v.<br><br>NATALIE MCNARY et al.,<br><br>Defendant. | CASE NO. 3:21-cv-05427-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Joseph Tyler Littlefield, proceeds *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has also moved to proceed *in forma pauperis* (IFP). Dkt. 4. Plaintiff's complaint is the second complaint raising allegations against various Department of Corrections (DOC) employees or former employees related to his alleged sexual assault on January 3, 2021, and the failure of DOC employees to properly process his Prison Rape Elimination Act (PREA) complaint or otherwise properly respond to his allegations of sexual assault. *See Littlefield v. Boe, et al.*, C21-5296-JLR-SKV. As described below, the instant complaint pertains to the same or significantly related subject matter and occurrences during the same time period, seeks similar relief, and alleges the same or significantly related harms as are asserted in the earlier-filed case pending before the Honorable James L. Robart. *Id.* Accordingly, the Court recommends that the complaint in this action be dismissed without prejudice as duplicative of the claims pending in

REPORT AND RECOMMENDATION - 1

the earlier-filed action before Judge Robart. The Court notes that Plaintiff should not be prejudiced by the dismissal of these claims because his other case remains active, and he has been given the opportunity to amend the complaint in that action. Thus, to the extent appropriate, Plaintiff may seek to pursue all of his claims in his earlier-filed action.

## RELEVANT LEGAL STANDARDS

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). Further, pursuant to 28 U.S.C. § 1915A, the Court is required to review prisoner complaints which "seek[ ] redress from a governmental entity or officer or employee of a government entity," and to dismiss those, or any portion of those, which are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted," or which "seek monetary relief from a defendant who is immune." 28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

"Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Goods v. Wasco State Prison*, No. 119CV01318JLTPC, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, 2019); *see, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121

F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint repeating pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Goods*, 2019 WL 4670217, at *1; *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. Likewise, "[a] prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it 'merely repeats pending or previously litigated claims.'" *Spatcher v. Gore*, No. 3:20-CV-01089-JAH-LL, 2020 WL 5576724, at *2 (S.D. Cal. Sept. 16, 2020) (quoting *Cato*, 70 F.3d at 1105, n.2 (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted); *Kehano v. Hawaii*, 202 Fed.Appx. 208 (9th Cir. 2006) (unpublished) (District court properly dismissed claim as duplicative pursuant to 28 U.S.C. § 1915A(b)(1)). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant." *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007). "Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative." *Goods*, 2019 WL 4670217, at *1; *see, e.g., Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975); *see also, Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks and citation omitted)).

District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Adams*, 487 F.3d at 688 (citation omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.*; *see also M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to

REPORT AND RECOMMENDATION - 3

1  control its own docket, and that includes the power to dismiss duplicative claims"). "Dismissal of
2  the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings,
3  promotes judicial economy and the comprehensive disposition of litigation." *Id.*, at 692–94.

4        Generally, before the Court may dismiss the complaint as frivolous or for failure to state
5  a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and
6  an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050,
7  1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir.
8  1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend
9  need not be granted "where the amendment would be futile or where the amended complaint
10 would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

11                                      **DISCUSSION**

12 **A.**      **Duplicative Claims -** *Littlefield v. Boe, et al.***, C21-5296-JLR-SKV**

13       On April 25, 2021, Plaintiff submitted a civil rights complaint in this Court under cause
14 number C21-5296-JLR-SKV. Plaintiff's complaint names Defendants Jeri Boe, Superintendent at
15 Clallam Bay Corrections Center (CBCC), Laura Paul, Corrections Specialist in charge of Prison
16 Rape Elimination Act (PREA) coordination at CBCC, and Christopher Gross, Custody Unit
17 Supervisor at CBCC. *See Littlefield v. Boe, et al.*, C21-5296-JLR-SKV, Dkt. 9. Plaintiff's
18 complaint appears to allege denial of his right to equal protection based upon Defendants' failure
19 to properly process or respond to his PREA complaint related to an alleged sexual assault by a
20 non-defendant former DOC employee Natalie McNary on January 3, 2021. *Id.* Plaintiff also
21 alleges Defendant Gross, due to his deliberate indifference and inaction, has allowed Plaintiff to
22 be repeatedly victimized by CBCC staff members. *Id.* Plaintiff alleges that after he was sexually
23

REPORT AND RECOMMENDATION - 4

assaulted by Ms. McNary, he attempted to submit a PREA complaint form but, due to negligence by Defendant Paul, was provided an incorrect address to send the complaint form to. *Id.*

Plaintiff also appears to allege a violation of his equal protection rights based on a confinement modification order and Defendants' failure to properly respond or adequately address various other complaints related to a report of a verbal assault by a staff member, a report of theft of Plaintiff's property, a criminal act, acts of retaliatory harassment and collective discrimination, reports of other PREA incidents that were not addressed nor preventive measures put in place, as well as security enhancement plans that violate his 8th, 14th and 5th Amendment rights. *Id.* Plaintiff provides no specific facts related to these other incidents in his complaint. *Id.* Plaintiff refers to various attached grievances but many of these attachments are difficult to read and, in any event, do not provide adequate facts for the Court to discern the factual or legal basis for Plaintiff's claims. *Id.*

As relief, Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. *Id.*

By order dated June 25, 2021, Judge Vaughn declined to serve Plaintiff's complaint due to various deficiencies but allowed him the opportunity to file an amended complaint on or before August 10, 2021.

In his complaint in the instant action, Plaintiff alleges on January 3, 2021, Defendant McNary sexually assaulted Plaintiff. Dkt. 4-1. He alleges Defendant McNary entered Plaintiff's living pod without utilizing the alert device to announce to male offenders that a correctional officer of another gender was on the unit and failed to announce her presence when entering the pod in violation of PREA standards. *Id.* Plaintiff alleges Defendant McNary proceeded to make comments to Plaintiff about his anatomy and requested that Plaintiff remove articles of clothing

REPORT AND RECOMMENDATION - 5

and "display himself" to her. *Id.* Plaintiff alleges when he objected Defendant McNary became hostile and aggressive and intimidated him into removing his clothes. *Id.* Plaintiff alleges that Defendant McNary then reached her hand through the cuff port of Plaintiff's cell and "attempted to maintain a firm grip upon Plaintiff's genatalia [sic] in a manner forceful enough to cause minor abrasions." *Id.*

Plaintiff indicates he attempted to report Defendant McNary's actions by using a form provided to him by PREA Compliance Specialist Laura Paul but the report was returned because the address provided for its submission was not valid. *Id.* Plaintiff alleges that providing the invalid address was "an intentional act by Defendant Paul in order to obstruct the ability of a successful report of a PREA related incident form being submitted." *Id.* Plaintiff alleges that due to Defendant Paul's actions, he was "unable to be medically treated for any injury resulting from the sexual assault or any documentary evidence being collected for investigative or prosecution purposes in the manner of his choosing, with a PREA report to an outside agency." *Id.* Plaintiff alleges that upon receiving the proper form and submitting a report that the investigation of the incident was prolonged and obstructed to Defendant Paul in a retaliatory manner due to Plaintiff's insistence on reporting the incident. *Id.* As relief, Plaintiff seeks declaratory and injunctive relief as well as monetary damages. *Id.*

Plaintiff's claims in the instant action relate to the same or significantly related subject matter and occurrences during the same time period, seek similar relief, and allege the same or significantly related harms as are asserted in the earlier-filed case currently pending before Judge Robart in C18-746-MJP. Specifically, Plaintiff's claim against Defendant Paul in this action relates to the identical subject matter as the claim raised against Defendant Paul in the earlier action pending before Judge Robart. Furthermore, while Plaintiff's complaint in this action also

REPORT AND RECOMMENDATION - 6

names a new defendant, Natalie McNary, the allegations against Ms. McNary are also raised in Plaintiff's earlier-filed action (although she is not formally named as a Defendant) and appear to be integrally related to his claims against the other Defendants currently named in that action.

Accordingly, the Court recommends that Plaintiff's claims and the action as a whole be dismissed without prejudice as duplicative of the claims raised in the earlier filed action pending before Judge Robart in C18-746-MJP. Plaintiff will not be prejudiced by dismissing these claims without prejudice because the subject matter of these claims and integrally related claims is currently being litigated in the action pending before Judge Robart in C18-746-MJP and Plaintiff has been given the opportunity to amend his complaint in that action.

**B.      Plaintiff's IFP Application**

Plaintiff has moved to proceed in forma pauperis (IFP) (Dkt. 4). Because the Court recommends dismissing this action without prejudice as duplicative of his claims currently pending in another action where he has been granted IFP (C18-746-MJP), the Court recommends denying Plaintiff's IFP application (Dkt. 4) as moot.

**CONCLUSION**

For the foregoing reasons, the Court recommends that Plaintiff's complaint (Dkt. 4-1) and this action be DISMISSED without prejudice, that Plaintiff's IFP application (Dkt. 4) be DENIED as moot, and the case be closed.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

REPORT AND RECOMMENDATION - 7

Objections, however, may be filed and served upon all parties no later than **July 20, 2021.** The Clerk should note the matter for **July 23, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed **6 pages**. The failure to timely object may affect the right to appeal.

DATED this 29th day of June, 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8